Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5958 | **DATE** | 9/27/2011 |
| **CASE TITLE** | Lawrence Latham (#2010-1114066) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted and the initial filing fee is waived. However, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging inadequate access to the law library to prepare for his underlying criminal case, and to pursue his federal civil rights cases. Plaintiff alleges that Defendants have followed a Cook County Department of Corrections policy with respect to failing to assist him with the cost of stamps and paper to mail legal documents. Plaintiff alleges that he has counsel in his state court criminal case, and that he has missed several deadlines, or at least had his proceedings delayed due to his inability to mail pleadings and correspond with his attorney.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at Plaintiff's present place of incarceration is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

    Plaintiff alleges that a Cook County Department of Corrections policy is interfering with his ability to contact the attorney representing him in his underlying state court criminal matter. Federal courts do not interfere with pending state criminal proceedings except in special circumstances, and only after the party has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). The *Younger* abstention doctrine applies where a defendant in a state criminal case seeks § 1983 relief in federal court for alleged constitutional violations relating to his criminal case. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). The purpose is to avoid "potential federal-state friction." *Id*. If Plaintiff's criminal case is pending, a ruling by this court on Plaintiff's § 1983 claims would interfere with and pose friction in the state case.

    Plaintiff also alleges that the policy of failing to provide paper and stamps is impacting his ability to pursue his civil cases. To succeed on a claim of denial of access to the courts, Plaintiff must be able to establish "prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)). However, Plaintiff has not alleged any actual prejudice. Plaintiff presently has two other cases, beside this one, presently pending. *See Latham v. County of Cook, et al.,* Case No. 11 C 1875 (N.D.Ill.) (Coleman, J.) and *Latham v. County of Cook, et al.,* Case No. 11 C 4535 (N.D.Ill.) (Coleman, J.) The Court makes note that Plaintiff is actively pursuing his claims in those cases, including filing motions and complaints and amended complaints that have survived initial review pursuant to 28 U.S.C. § 1915. The Court makes further note that Plaintiff does not have a deadline pending for either of the cases listed. While Plaintiff did have one case dismissed, *see Latham v. County of Cook, et al.,* Case No. 11 C 3169 (N.D.Ill. August 11, 2011) (Coleman, J.), the Court notes that Plaintiff did not seek reinstatement of that case, nor give any notice to the Court that he needed additional time or assistance. Regardless, Plaintiff has alleged no prejudice due to the alleged policy. As Plaintiff has not alleged any actual prejudice relating to any limitations Defendants placed on his access to the law library and the mail, he has failed to state a cause of action.

    For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate a "strike" pursuant to 28 U.S.C. § 1915(g).